STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
DANIEL J. THAYER, RESPONDENT.

677 N.W.2d 188

Filed April 9, 2004.   No. S-03-1204.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

INTRODUCTION

Respondent, Daniel J. Thayer, was admitted to the practice of law in the State of Nebraska on September 14, 1990, and at all times relevant hereto was engaged in the private practice of law in Grand Island, Nebraska. On October 23, 2003, formal charges were filed against respondent. The formal charges set forth two counts, including charges that the respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), and DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997).

On February 25, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the allegations that he violated DR 1-102(A)(1) and (5), as well as his oath of office as an attorney, and waived all proceedings against him in connection therewith in exchange for a public reprimand. Upon due consideration, the court approves the conditional admission and orders that respondent be publicly reprimanded.

## FACTS

In summary, the formal charges allege that during the course of his representation of one client, respondent failed to manage his calendar, resulting in conflicting obligations for the same date and an inability to represent the client at certain case-related proceedings. The formal charges also allege that respondent failed to adequately review the client's billing statement, resulting in an inaccurate bill being sent to and paid by the client. The formal charges further allege that as to a second client, respondent improperly issued subpoenas under an incorrect case caption and failed to provide service and notice of the subpoenas to appropriate entities.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the essential relevant facts outlined in the formal charges and knowingly does not challenge or contest that he violated DR 1-102(A)(1) and (5), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (5), as well as his oath of office as an attorney, and that respondent should be and hereby is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF PUBLIC REPRIMAND.